UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAYNE T. RANDLE, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF FORT WAYNE, INDIANA, et al., <br><br> Defendants. | CAUSE NO. 1:22-CV-174-HAB-SLC |

OPINION AND ORDER

Payne T. Randle, a prisoner without a lawyer, filed a complaint against the city of Fort Wayne and seven Allen County police officers. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On February 4, 2021, Officers Daniel Radecki, Bryan Heine, Jeffery Smallwood, Rodney Hormann, Andrew Brenneke, Darren Compton, and Sean Kelly surrounded Randle's residence. Radecki left to obtain a search warrant while the other officers remained. Randle alleges that Radecki included a false statement in a probable cause

affidavit to obtain a search warrant. Namely, Randle alleges that Radecki falsely represented that he was 25-30 feet from the residence. ECF 1 at 3 ("Radecki states he was 25-30 feet from the residence. That is a fabrication."). Randle further alleges that, without that false representation, there would not have been probable cause to issue a search warrant.

The Fourth Amendment is violated "if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." *Betker v. Gomez*, 692 F.3d 854, 860 (7th Cir. 2012) *quoting Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003). Randle has included a copy of the Search Warrant Affidavit with his complaint. ECF 1-1 at 1-4. The affidavit indicates that, on February 4, 2021, a private shipping company contacted the police department regarding a suspicious package with the recipient's addressed listed as 1901 Hillside Ave., Fort Wayne, IN 46805. A K9 conducted a sniff of the package and signaled that it contained narcotics. Radecki and other members of the Allen County Drug Task Force attempted to conduct a knock and talk at the address. Radecki parked on the south side of the residence, on the road. He immediately smelled marijuana. He reports that he was 25-30 feet from the residence, and as he approached the front door, the smell became stronger. Other officers approaching from the rear of the home also noticed the smell. No contact was made with any occupant at that time.

The accuracy of Radecki's estimate of his distance from the home when he parked would not have been material to the finding that there was probable cause to

2

issue the search warrant. Based on the allegations, Randle cannot proceed against Radecki for making a false statement regarding the distance from the home in the probable cause affidavit. Likewise, he cannot proceed against the other officers for conspiring with Radecki to obtain the warrant based on allegedly false information or for failing to prevent him from doing so.

Radecki handcuffed Randle and transported him to the jail. Randle asked Radecki why he did not read Randle his Miranda rights. Radecki allegedly said that he did not need to read them because Randle was being detained, not arrested. Randle made statements that were later used against him. The failure to receive *Miranda* warnings does not invalidate an arrest or provide a basis to sue under § 1983. *See Hensley v. Carey*, 818 F.2d 646, 650 (7th Cir. 1987).

> The Constitution and laws of the United States do not guarantee [plaintiff] the right to *Miranda* warnings. They only guarantee him the right to be free from self-incrimination. The *Miranda* decision does not even suggest that police officers who fail to advise an arrested person of his rights are subject to civil liability; it requires, at most, only that any confession made in the absence of such advice of rights be excluded from evidence. No rational argument can be made in support of the notion that the failure to give *Miranda* warnings subjects a police officer to liability under the Civil Rights Act [§ 1983].

*Id.* (quoting *Bennett v. Passic,* 545 F.2d 1260, 1263 (10th Cir. 1976)). Therefore, these allegations do not state a claim.

Finally, Randle has sued the City of Fort Wayne. He makes conclusory allegations that the city had a policy of improperly training its officers, neglecting to punish officers who violate constitutional rights, and covering up misconduct. The officers that Randle has sued were allegedly employed by the Allen County Sheriff's

3

Department, not the City of Fort Wayne. The city cannot be held liable for the conduct of officers of another police department. However, even if Randle had named Allen County as a defendant, he could not proceed because a county cannot be held liable under a *responeat superior* theory for the actions of a sheriff or a sheriff's department. *See Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind. App. 1990); *Argondona v. Lake Cty. Sheriff's Dep't,* No. 2:06-CV-259, 2007 WL 518799, at *3 (N.D. Ind. Feb. 13, 2007). Furthermore, Randle has not alleged facts which, when accepted as true, amount to a violation of his rights. In the absence of facts that amount to a constitutional violation, there can be no liability on the part of the city, county, department, or sheriff that employs the officers who allegedly engaged in the violation.

This complaint does not state a claim for which relief can be granted. If Randle believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, Randle needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Payne T. Randle until **December 20, 2022**, to file an amended complaint; and

4

(2) CAUTIONS Payne T. Randle if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 17, 2022.

                                           s/ *Holly A. Brady*
                                           JUDGE HOLLY A. BRADY
                                           UNITED STATES DISTRICT COURT