UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAYNE T. RANDLE, | |
| Plaintiff, | |
| v. | CAUSE NO. 1:22-CV-174-HAB-SLC |
| CITY OF FORT WAYNE, INDIANA, et al., | |
| Defendants. | |

OPINION AND ORDER

Payne T. Randle, a prisoner without a lawyer, filed an amended complaint against seven police officers. ECF 13. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On February 4, 2021, Officers Daniel Radecki, Bryan Heine, Jeffery Smallwood, Rodney Hormann, Andrew Brenneke, Darren Compton, and Sean Kelly surrounded Randle's residence. Radecki left to obtain a search warrant while the other officers remained. Randle alleges that Radecki included a false statement in a probable cause affidavit to obtain a search warrant. Namely, Randle alleges that Radecki falsely

represented that he smelled an overwhelming odor of raw marijuana coming from the home. ECF 13 at 3. Randle further alleges that, without that false representation, there would not have been probable cause to issue a search warrant. Randle further alleges that the officers conspired against him based on his race or failed to take action to stop the violation of his rights., in violation of 42 U.S.C. section 1985 and 42 U.S.C. section 1986. He seeks compensatory and punitive damages.

Public records reflect that, as a result of the search warrant issued on February 4, 2021, Randle is presently under indictment in this District on several charges: (1) possession with intent to distribute a schedule II controlled substance, namely, methamphetamine; (2) maintaining a place for the purpose of distributing and manufacturing a controlled substance; (3) managing and controlling a place for the purpose of unlawfully manufacturing, storing, and distributing a controlled substance; (4) possession of a firearm in furtherance of a drug trafficking crime; and (5) possession of a firearm with a prior felony.[1] *See United States v. Randle*, 1:21-CR-32-HAB-SLC (N.D. Ind. filed March 24, 2021). In the criminal case, he is litigating the same issues he raises in this civil lawsuit.

Permitting such "parallel civil litigation" runs counter to "core principles of . . . comity, consistency, and judicial economy." *McDonough v. Smith*, 139 S. Ct. 2149, 2158 (2019). Allowing the civil case to proceed while the criminal case is ongoing also "opens up another can of worms, because civil discovery is much broader than criminal

---

[1] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

discovery—that is, criminal defendants can learn a lot more about the prosecution's case through civil discovery than they otherwise would be able to in the criminal case alone." *Commodity Futures Trading Comm'n v. Nowak*, No. 19-CV-6163, 2020 WL 3050225, at *2 (N.D. Ill. June 8, 2020). As another court has recognized, "The distinction between the two discovery protocols is not idle: criminal discovery is narrower because of concerns that criminal defendants may use this information to impede investigations into them, tamper with witnesses, or craft more airtight perjured testimony." *Id.*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Thus, a claim alleging that evidence was obtained in the absence of probable cause cannot be brought while criminal proceedings are ongoing, and instead accrues only when "the criminal proceeding has ended in the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck*." *McDonough*, 139 S. Ct. at 2158.

The Supreme Court has directed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is

ended."[2] *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. at 394.

That is the course the court will pursue here. This case will be stayed until such time as the pending criminal case is resolved. If Randle wishes to proceed with this civil lawsuit, he must move to lift the stay within 30 days after judgment is entered in the criminal case. Depending on the outcome of the criminal case, the court will determine at that time whether his claims in this civil lawsuit may proceed. *See Wallace*, 549 U.S. at 394.

For these reasons, this action is STAYED pending the resolution of *United States v. Randle*, 1:21-CR-32-HAB-SLC (N.D. Ind. filed March 24, 2021). Plaintiff is ORDERED to file a motion to lift the stay within 30 days after judgment is entered in the criminal case. He is CAUTIONED that, if he does not do so, the stay will be converted to a dismissal without prejudice. The clerk is DIRECTED to STATISTICALLY CLOSE this case.

SO ORDERED on March 3, 2023.

        s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[2] The Seventh Circuit has instructed district courts to apply *Younger* abstention where a civil rights lawsuit overlaps with a pending criminal case. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). However, the *Younger* doctrine applies to federal interference with ongoing *state* proceedings, whereas Mr. Banks's criminal case is pending in federal court.